```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


DUPLANTIER & MERIC, ARCHITECTS,          CIVIL ACTION
L.L.C.

VERSUS                                   NO. 06-9099

UNITED STATES FIDELITY AND               SECTION "R"(3)
GUARANTY COMPANY AND EAGAN
INSURANCE AGENCY, INC.
```

## ORDER AND REASONS

Before the Court is the motion of plaintiff, Duplantier & Meric, Architects, L.L.C., to remand this action to state court. For the following reasons, the Court DENIES plaintiff's motion.

### I.   BACKGROUND

Plaintiff sued United States Fidelity and Guaranty Company, its commercial insurer, and its insurance agent, Eagan Insurance Agency, in Louisiana state court on claims relating to its insurance coverage. USF&G's citizenship is diverse from plaintiff, but Eagan, like plaintiff, is domiciled in Louisiana. The parties thus are not completely diverse, a requirement for a federal court to have jurisdiction under 28 U.S.C. § 1332. *See*

*McLaughlin v. Mississippi Power Co.,* 376 F.3d 344, 353 (5th Cir. 2004). Defendants removed this case to federal court on the ground that federal diversity jurisdiction exists because the nondiverse insurance agent was joined improperly.

## II.   LEGAL STANDARDS

### A.   Applying Louisiana Law

When jurisdiction is based on diversity, Louisiana law applies to the substantive issues before the Court. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). In Louisiana, the sources of law are legislation and custom. *Shaw Constructors v. ICF Kaiser Eng'rs, Inc.*, 395 F.3d 533, 546 (5th Cir. 2004). These authoritative or primary sources of law are to be "contrasted with persuasive or secondary sources of law, such as [Louisiana and other civil law] jurisprudence, doctrine, conventional usages, and equity, that may guide the court in reaching a decision in the absence of legislation and custom." *Id*. (*quoting* La. Civ. Code art. 1*).* In Louisiana, "courts must begin every legal analysis by examining primary sources of law: the State's Constitution, codes, and statutes." *Id*. (*quoting Prytania Park Hotel, Ltd. v. General Star Indem. Co.,* 179 F.3d 169, 174 (5th Cir. 1999)). To make an 'Erie guess' on an issue

of Louisiana law, the Court must "employ the appropriate Louisiana methodology" to decide the issue the way that it believes the Supreme Court of Louisiana would decide it. *Id.* (quoting *Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 197 (5th Cir. 2003)).

**B.   Removal**

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Neal v. Kawasaki Motors Corp.*, 1995 WL 419901, at *2 (E.D. La. 1995). Though the Court must remand the case to state court if at any time before final judgment it appears that it lacks subject matter jurisdiction, the Court's jurisdiction is fixed as of the time of removal. 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

### C. Improper Joinder

When a nondiverse party is properly joined as a defendant, a defendant may not remove under section 1332. However, a defendant may remove by showing that the nondiverse party was improperly joined. *Smallwood v. Il. Cent. R.R. Co.*, 352 F.3d 220, 222 (5th Cir. 2003). Because the doctrine is a narrow exception to the rule of complete diversity, the burden of demonstrating improper joinder is a heavy one. *Id*. Improper joinder may be established by showing the inability of the plaintiff to establish a cause of action against the nondiverse defendant.[1] *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 461 (5th Cir. 2003). In *Ross*, the Fifth Circuit clarified the standard for finding improper joinder when a defendant alleges that plaintiff is unable to state a claim against the nondiverse defendant. *Id*. at 462-63. The Court must determine whether there is arguably a reasonable basis for predicting that state law might impose liability on the nondiverse defendant. *Id. (citing Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)). This means that there must be a reasonable possibility of recovery, not merely a

---

[1] The Fifth Circuit now officially refers to "fraudulent joinder" as "improper joinder." *See Melder v. Allstate Corp.*, 404 F.3d 328, 329 (5th Cir. 2005). However, the term "fraudulent joinder" is still used in many Fifth Circuit cases.

4

theoretical one.  *Id.*  The standard for evaluating a claim of improper joinder is similar to that used in evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *Id.*  The scope of the inquiry for improper joinder, however, is broader than that for Rule 12(b)(6), because the Court may "pierce the pleadings" and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for his or her claim.  *Id.* (*citing Travis v. Irby*, 326 F.3d 644, 648-49 (5th Cir. 2003); *see also Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004).  In conducting this inquiry, the Court "must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff."  *Travis*, 326 F.3d at 649.  In addition, the Court must resolve all ambiguities of state law in favor of the nonremoving party. *Id*.

**III. DISCUSSION**

Defendants assert that there is no arguably reasonable basis to predict that a Louisiana court would hold plaintiff's insurance agent liable in this action, so that its citizenship should be disregarded in the Court's jurisdictional analysis.  Defendants posit that plaintiff has not stated a claim against Eagan.  The Court finds that defendants have established improper

joinder as to defendant Eagan.

Plaintiff's state court petition asserts only that Eagan breached its duty to plaintiff "by not advising the Petitioner to purchase a flood insurance rider or obtain other coverage for the full value of the property to cover losses suffered by the business." (R. Doc. 1-2, at ¶ XIX). This fails to state a claim under Louisiana law. Insurance agents in Louisiana have a duty to use reasonable diligence in attempting to place the insurance requested. *See Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So. 2d 728, 730 (La. 1973). Louisiana also recognizes actions for negligent misrepresentation leading to pecuniary loss when (1) the defendant owed a duty to supply correct information, (2) the defendant breached that duty, and (3) the plaintiff suffered damages resulting from justifiable reliance on the misrepresentation. *Abbott v. Equity Grp., Inc.*, 2 F.3d 613, 624 n.38 (5th Cir. 1993); *Chiarella v. Sprint Spectrum, LLP*, 921 So. 2d 106, 123 (La. Ct. App. 2005). Here, plaintiff does not allege that Eagan failed to procure requested coverage or that Eagan made any misrepresentations in connection with its procurement of plaintiff's commercial insurance policy. Further, plaintiff does not cite, and the Court does not find, any case imposing a duty on an agent to spontaneously identify a client's needs and advise him as to whether he is underinsured.

The Court therefore finds that, since plaintiff fails to state a claim under Louisiana law, there is no reasonable possibility of recovery against Eagan. Joinder is thus improper, and the Court has diversity jurisdiction over this matter.

**IV. CONCLUSION**

For the foregoing reasons, plaintiff's motion to remand is DENIED.

New Orleans, Louisiana, this 27th day of March, 2007.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE